Lawrence F. MACINTYRE, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 00–3381.

United States Court of Appeals, Federal Circuit.

Feb. 12, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

PER CURIAM.

Lawrence F. MacIntyre seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal because he did not present any question over which the Board has jurisdiction to act. *See MacIntyre v. Merit Sys. Prot. Bd.*, 86 M.S.P.R. 336 (2000). We *affirm*.

I

On July 19, 1999, Mr. MacIntyre appealed to the Board challenging the termination of his temporary appointment in the United States Postal Service, effective July 4, 1999, which was the termination date of his appointment specified at the time he received his appointment. When the expiration date of an appointment is specified as a basic condition of employment, the employee's separation on the expiration date is not an adverse action appealable to the Board. *See Davis v. Small Business Admin.*, 74 M.S.P.R. 281, 287 (1997). Accordingly, the administrative judge to whom Mr. MacIntyre's appeal was assigned notified him of his obligation to identify an adverse personnel action over which the Board has jurisdiction. In response, Mr. MacIntyre identified two actions that he considered to be adverse personnel actions subject to Board jurisdiction: his alleged removal on May 14, 1999, and the failure of the agency to rehire him thereafter. In connection with the alleged removal on May 14, Mr. MacIntyre also alleged that the revocation of his driving privileges constituted an adverse personnel action. Mr. MacIntyre also alleged discrimination in violation of the Civil Rights Act of 1964 and prohibited personnel actions under the Whistleblower Protection Act, 5 U.S.C. § 2302, *et seq.*

The administrative judge held that Mr. MacIntyre had failed to assert an adverse personnel action over which the Board has jurisdiction. The administrative judge concluded that Mr. MacIntyre could not object to being terminated on the date when his employment was specified to end. Also, the administrative judge applied settled law in ruling that the failure to rehire Mr. MacIntyre is not an adverse personnel action. *See Phillips v. Department of the Navy*, 40 M.S.P.R. 620, 622 (1989). Mr. MacIntyre cited no law to support his contention that revocation of his driving privileges is an appealable adverse personnel action, and the administrative judge knowing of no such law ruled that the revocation of driving privileges is not an appealable action. Mr. MacIntyre's contentions under the Whistleblower Protection Act were rejected, for reasons fully explained in the opinion of the administrative judge, because that law is expressly not applicable to the positions held by Mr. MacIntyre. Finally, without any other ground upon which to establish jurisdiction at the Board, Mr. MacIntyre's allegations of discrimination are beyond the jurisdictional reach of the Board.

Mr. MacIntyre petitioned the full Board for review of the decision of the administrative judge dismissing his case. The full Board declined Mr. MacIntyre's petition, thus causing the decision of the adminis-

trative judge to become the final decision of the Board. Mr. MacIntyre then timely petitioned this court for review.

## II

Although Mr. MacIntyre alleges that he was removed on May 14, following an automobile accident while driving a postal truck on May 13, he notes that his alleged removal was not implemented because he requested, and was granted, permission to complete his tour of duty, which by its terms extended to July 4. Thus, while Mr. MacIntyre's driving privileges were revoked on May 14, he was not removed as of that date and instead he served until the end of his appointment. Consequently, the Board correctly determined that Mr. MacIntyre cannot challenge the termination of his job according to the terms of his own appointment. The Board also correctly determined that the failure to rehire him is not an appealable action, that the revocation of his driving privileges is not an appealable action, and that his contentions of discrimination and violation of section 2302 do not afford the Board jurisdiction over his appeal.

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c).

With respect to each of Mr. MacIntyre's arguments as to why the Board has jurisdiction over his appeal, the Board's decision manifests no error. We must therefore affirm the final decision of the Board.